RECEIVED
FILED

2014 APR 14  PM 12: 52

US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:14-cv- 587 · ORL-36-TBS

LISA MARTIN ELLER,

      Plaintiff,

vs.

DYNAMIC RECOVERY SOLUTIONS, LLC, a
foreign limited liability company,

      Defendant.

_____/

# VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LISA MARTIN ELLER, by and through her undersigned counsel, hereby

files her Complaint, sues the Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, and

alleges as follows:

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual

damages, statutory damages, attorney's fees and costs.

2.      Venue in this judicial district is proper under 28 U.S.C. §1391(b).   All of the

actions and omissions forming the basis for this lawsuit occurred within this district.

3.      This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of

Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and

1367.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 2

_____

4.     Plaintiff, LISA MARTIN ELLER (hereinafter referred to as "Plaintiff" or "ELLER"), brings this action for illegal practices of Defendant DYNAMIC RECOVERY SOLUTIONS, LLC, who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff.

5.     Plaintiff alleges that DYNAMIC RECOVERY SOLUTIONS, LLC, and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.   Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.   15 U.S.C. § 1692d(1)-(6).

9.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTY-PLAINTIFF

10.     ELLER is a natural person who, at all times relevant to this complaint, resided in Orlando, Florida.

11.     ELLER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

12.     ELLER is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

13.     ELLER is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 4

§ 1692a(5) and Fla. Stat. § 559.55(1).

## II.  PARTIES-DEFENDANT

14.    DYNAMIC RECOVERY SOLUTIONS, LLC is a foreign limited liability company having its principal place of business in Greenville, South Carolina and at all times relevant to this complaint, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15.    DYNAMIC RECOVERY SOLUTIONS, LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

16.    DYNAMIC RECOVERY SOLUTIONS, LLC is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by Fla. Stat. § 559.55(7).

## IV. FACTS

17.    Plaintiff, LISA MARTIN ELLER, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

18.    The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

19.    On March 25, 2014, Plaintiff received a telephone call from the Defendant, though an employee who identified himself as an attorney.    The originating telephone number was 407-459-7053.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 5

20. The telephone call described in the preceding paragraph was an attempt to collect a debt.

21. In the telephone call described in the foregoing paragraphs:

    a. The person calling on behalf of Defendant represented himself to Plaintiff as an attorney;

    b. The person calling on behalf of Defendant told Plaintiff that the purpose of the call about a debt to Montgomery Ward;

    c. The person calling on behalf of Defendant told Plaintiff that Defendant was going to sue her over the alleged debt.

22. Plaintiff does not and did not owe anything to Montgomery Ward.

23. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements were a threat in order to coerce her into paying a debt.

24. On information and belief, the person who called the Plaintiff was not an attorney which is a violation of Section 807(3) of the Fair Debt Collection Practices Act.

25. At all times material hereto, each of the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4).

26. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

27. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

*Eller v. Dynamic Recovery Solutions, LLC*
Page 6

_____

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

28.     The allegations in paragraphs 1 through 27 are incorporated by reference

herein.

29.     The communication from the Defendant in the form of the telephone call

described in paragraphs 19, 20 and 21 hereof was in violation of Section 807 of the

FDCPA, 15 U.S.C. §1692e which provides:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
>     *         *         *         *
>
> (2)   The false representation of—
>
> > (A ) the character, amount, or **legal status of any debt**; (emphasis
> > supplied).
>
>     *         *         *         *
>
> (5)   The threat to take any action that cannot legally be taken or that is not
> intended to be taken.
>
>     *         *         *         *
>
> (10)   The use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a consumer.

30.     The acts and omissions of Defendant' agents, and the other debt collectors

employed as agents by Defendant as described herein, were committed within the time

*Eller v. Dynamic Recovery Solutions, LLC*
Page 7

and space limits of their agency relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiff prays for this Court:

a.   To declare that Defendant has violated the FDCPA;

b.   To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c.   To award the Plaintiff statutory damages not to exceed $1,000.00 against Defendant;

d.   To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e.   To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f.   To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.   The allegations in paragraphs 1 through 27 are incorporated by reference herein.

32.   Plaintiff, LISA MARTIN ELLER, is an individual who resides in Orange County, Florida.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 8

33.   Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

34.   Each Defendant is a person as defined in §1.01(3), Fla. Stat.

35.   Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

36.   Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC is a Florida Professional Association, engaged in collecting debts in this state with its principal place of business located in Dade County, Florida.

37.   Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\*                    \*                    \*

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

38.   Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees,   servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 9

39.     The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

40.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

41.     All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

42.     Inasmuch as the Defendant's claims did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

43.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

44.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

45.     Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

46.     As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant are liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

47.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

*Eller v. Dynamic Recovery Solutions, LLC*
Page 10

---

48.     Plaintiff is entitled to damages under Fla. Stat. §559.77.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.      That Defendant be enjoined from any and all further illegal collection practice.

C.      Actual damages pursuant to Fla. Stat. §559.77(2).

D.      Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

F.      Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.      For such other and further relief as may be just and proper.

DATED this 10 April 2014.


LISA MARTIN ELLER


SWORN TO and SUBSCRIBED before me this 10th day of April, 2014 by LISA MARTIN ELLER, who produced a Florida Driver's License No. E460-533-64-726-0 and who took an oath that the matters set forth herein are true and correct.


Notary Public

Commission
State of Florida at Large
My Commission Expires:


___X___       Produced photo identification



SANDRA PABON
MY COMMISSION # FF 021230
EXPIRES: May 26, 2017
Bonded Thru Budget Notary Services

*Eller v. Dynamic Recovery Solutions, LLC*
Page 11

Dated April 14, 2014

M. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:   njtlaw@gmail.com